IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                                                                       **NO. CR 07-0614 RB**

**REBECCA CHRISTIE, AKA**
**REBECCA WULF,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on the Motion to Preclude Additional Search and for Return of Computer of Defendant Rebecca Christie, also known as Rebecca Wulf, filed October 16, 2007. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, Ms. Christie's Motion to Preclude Additional Search and for Return of Computer is **GRANTED IN PART AND DENIED IN PART**.

**I.     Background.**

For purposes of this motion, the parties have agreed to stipulate to the following facts:

On January 26, 2006, Ms. Christie's three-year-old daughter, Brandi Wulf, died. Ms. Christie was initially indicted, in connection with the death of her daughter, on charges of Second Degree Murder and child abuse resulting in death. These charges were later revised by a Superceding Indictment, charging Ms. Christie with First Degree Murder.

On May 4, 2006, Ms. Christie's then-husband, Derek Wulf, gave FBI Special Agent Chad Oakes a computer used exclusively by Ms. Christie. The computer was password protected. On October 6, 2006, United States Magistrate Judge Carmen Garza issued a search warrant, authorizing

the United States to search the computer for:

> All electronic data that would indicate Rebecca Wulf's frequency of use for the above described computer, to include the temporary Internet "cache" files, computer software, computer software programs, including but not limited to WORLD OF WARCRAFT, computer software programs including but not limited to ITT computer software programs, including but not limited to ITT technical institute, electronic mails, correspondence, documents and files, data, logs, and other information stored in electronic format either within the computer or on storage media accessed by the computer.

The search warrant explicitly specified: "YOU ARE HEREBY COMMANDED to search on or before October 17, 2006."

In accordance with the search warrant, a forensic examination was performed on the computer, on or before October 17, 2006, to determine the amount of time spent on the computer on and around January 26, 2006. On October 16, 2007, Ms. Christie filed this motion, requesting an Order precluding the United States from conducting an additional search of the computer and requiring the United States to return the computer to Ms. Christie, unless the United States intends to use the computer as physical evidence at trial. If the United States intends to use the computer as physical evidence, Ms. Christie demands that the hard drive should still be returned to her, after a mirror image of it is provided to defense counsel.

The United States has indicated that it intends to use the computer as physical evidence at trial. The United States has provided Ms. Christie with a mirror copy of the hard drive from the computer. The United States has indicated that it wishes to conduct an additional search of the computer's hard drive.

**II.   Discussion.**

The Court will first address the question of whether the United States may conduct an additional search of the computer, based on the original warrant. "[I]t is a well-established principle

that the magistrate issuing a search warrant controls the manner of its execution. If a search exceeds the scope of the warrant authorizing the search, the role of the magistrate in determining the boundaries of the search is impermissibly circumvented." *McConnell v. Martin*, 896 F.2d 441, 446 n.8 (10th Cir. 1990) (internal citation omitted).  Prejudicial or intentional disregard for the limitations of a search warrant necessitates suppression of any evidence that was improperly seized. *See United States v. Medlin*, 798 F.2d 407, 411 (10th Cir. 1986); *see also United States v. Sims*, 428 F.3d 945, 955 (10th Cir. 2005) (noting that non-prejudicial and unintentional violations of a warrant, including a one-day delay in the execution of the warrant, do not result in suppression). In this case, the warrant authorizing the search of the computer contained the specific limitation that the search must be conducted on or before October 17, 2006.  To allow an additional search of the computer, based on the original warrant, more than two and a half years after the period of time prescribed by the magistrate for the search to be conducted, would undermine the role of the magistrate in determining the boundaries of the search. *See McConnell*, 896 F.2d at 446 n.8; *Medlin*, 798 F.2d at 410-11.  Moreover, an additional search more than two and a half years after the limitation period of the original warrant is clearly an intentional and prejudicial violation of the warrant. *See Sims*, 428 U.S. at 955.

     If the United States wishes to conduct an additional search on the computer, it must obtain a new warrant.  As previously articulated, it is unreasonable for the United States to conduct an additional search based on the original warrant that expressly excluded any searches after October 17, 2006, more than two and a half years ago. *See McConnel*l, 896 F.2d at 446 n.8; *Medlin*, 798 F.2d at 410-11.  Moreover, the United States cannot conduct an additional search of the computer based on the fact that Mr. Wulf may have voluntarily turned the computer over to Special Agent Oakes. Indeed, because the computer was password protected and used exclusively by Ms. Christie, Mr.

Wulf lacked third party apparent authority to consent to even the original search of the computer. *See United States v. Andrus*, 483 F.3d 711, 718-20 (10th Cir. 2007). Finally, whether, based on the totality of the circumstances, there is a "fair probability" that additional evidence will be found as a result of another search of the computer and whether, under the circumstances, an additional search would be unconstitutional based on unreasonable delay in seeking a second warrant are questions for the issuing magistrate to answer if the United States makes application for a new warrant. *See United States v. Biglow*, 562 F.3d 1272, 1281 (10th Cir. 2009); *United States v. Martin*, 157 F.3d 46, 54 (2d Cir. 1998).

The Court now turns to Ms. Christie's request, pursuant to Rule 41(g), that the United States return her computer, unless it intends to use the computer as physical evidence at trial. The United States has indicated its intention to use the computer as physical evidence at trial. Nevertheless, Ms. Christie still requests that the United States return to her the hard drive, after providing a mirror copy to defense counsel. The United States has provided Ms. Christie with a mirror copy of the hard drive from the computer in question.

> Rule 41(g) provides:
>
> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P. 41(g). "Rule 41(g) is an equitable remedy, available to the movant only if [she] can show irreparable harm and an inadequate remedy at law." *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (quoting *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)). "The court is authorized to impose conditions upon the return of property to protect the government's

legitimate access to and use of such property in subsequent proceedings." *Matter of Search of Premises Known as 6455 South Yosemite, Englewood, Colo.*, 897 F.2d 1549, 1557 (10th Cir. 1990).

Ms. Christie has conceded that, because it intends to use the computer as physical evidence at trial, the United States may retain possession. She contends, however, that she needs the computer's hard drive because it contains educational documents and other personal documents to which she requires access. By giving Ms. Christie a mirror copy of the hard drive, the United States has already provided her with access to any documents on the hard drive that she requires. Ms. Christie, therefore, cannot demonstrate that she has suffered "irreparable harm" as a result of the United States' retention of the computer and hard drive. *See Copeman*, 458 F.3d at 1071. Furthermore, the Court concludes that, in light of United States' intention to use the computer as physical evidence at trial, it is both reasonable and necessary for the United States to retain possession of the computer, including the hard drive, until the termination of all relevant proceedings in this matter. *See Matter of Search of Premises Known as 6455 South Yosemite, Englewood, Colo.*, 897 F.2d at 1557. The United States is directed to return the computer to Ms. Christie at the close of all relevant proceedings in this matter, which includes any appellate practice. *See* Fed.R.Crim.P. 41(g). Finally, in accordance with its continuing disclosure obligations, the United States is directed to allow defense counsel to inspect and to copy the computer hard drive. Fed.R.Crim.P. 16(a)(1)(E).

**III.   Conclusion.**

If the United States wishes to conduct an additional search on the computer, it must obtain a new warrant. Whether probable cause exists for a new warrant is a question for the issuing magistrate. In light of the United States' intention to use the computer as physical evidence at trial, it is both reasonable and necessary for the United States to retain possession of the computer,

including the hard drive, until the termination of all relevant proceedings in this matter, including any appellate practice. The United States is directed to return the computer to Ms. Christie at the close of all relevant proceedings. The United States is further directed to allow defense counsel to inspect and to copy the computer hard drive.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Ms. Christie's Motion to Preclude Additional Search and for Return of Computer is **GRANTED IN PART AND DENIED IN PART**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**