IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

OCT 20 2009

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                            CR No. 07-0614 RB

REBECCA CHRISTIE,
(a/k/a REBECCA WULF),

Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Second Motion to Preclude Additional Search (Doc. 235), filed October 9, 2009. A hearing on this and other pending motions in this case was held October 14, 2009. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, Defendant's Motion is **DENIED**.

### I.   Background

Two searches were performed on Defendant Rebecca Christie's computer. Both searches were performed by Computer Forensic Investigator Jane Bales, a Computer Analysis Response Team (CART) Field Examiner for the FBI in Albuquerque, New Mexico. Ms. Bales intends to testify about the analysis she performed on the computer and give her opinion about Ms. Christie's computer usage based on her analysis of the computer data and the reports she produced.

On October 6, 2006, United States Magistrate Judge Carmen E. Garza issued a search warrant permitting the United States to search Defendant Rebecca Christie's computer. The search warrant granted FBI investigators permission to search for electronic data indicating Ms. Christie's "frequency of use" of the computer. The search of the computer was performed between

October 13–17, 2006. During the first search of Ms. Christie's computer, Ms. Bales created "excel spreadsheets detailing the files created, modified, and last accessed during January 2006, e-mail messages, and cookies and internet history reports." (CART Report, p. 3.) This information was saved to a CD and kept as evidence for trial.

A second search warrant for "records and information relating to the murder, neglect, and abuse of Brandi Wulf" was granted on May 20, 2009. Ms. Bales also performed this search. She placed the computer on the FBI server on May 22, 2009, and FBI Special Agent Oakes identified several files that were relevant to the search warrant. These files were also placed on a CD for further review and to be potentially used as evidence at trial.

In the United States' Response to Defendants' Joint Motion in Limine Related to Expert Witness Disclosure, the Government stated that it had "requested that Ms. Bales do a more in depth review of the computer activity so that she may opine about Defendant Christie's computer usage." (Doc. 227.) Defendant argues that this constitutes a new search and asks the Court to preclude the Government from conducting any further searches of the computer.

## II.   Discussion

A "more in depth review of the computer activity" as proposed by the Government does not qualify as a search of Defendant's computer. A search is "[a]n examination of a person's body, property, or other area that the person would reasonably be expected to consider as private." BLACK'S LAW DICTIONARY 1377 (8th ed. 2004). At its heart, the Fourth Amendment protects a right to privacy. *Warden v. Hayden*, 387 U.S. 294, 304 (1967). Defendant is correct that an additional search of her computer would require a warrant; however, additional analysis of evidence obtained in prior searches does not require a new warrant because there is no violation of the right to privacy.

Once the files had been searched and evidence of possible criminal activity discovered, the files became part of the Government's evidence for trial, and Ms. Christie's privacy interest in the files must yield to the Government's interest in prosecuting criminal activity. *See id.* at 307.

### III.    Conclusion

The Court understands the Government's request that Ms. Bales perform "a more in depth review of the computer activity" as a request that she perform a more thorough review of the existing evidence and data that was obtained during the first and second searches, not conduct an entirely new search of the computer hard drive. If the United States intends to do another search of the hard drive, it must obtain a search warrant. However, the Court cannot prevent the Government from reviewing and analyzing lawfully seized evidence in preparation for trial.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Preclude an Additional Search is **DENIED**.

*/s/ Robert Brack*
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**