IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.   CR No. 07-0614 RB

REBECCA CHRISTIE,
(a/k/a REBECCA WULF),

Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Motion in Limine to Exclude Statements (Doc. 209), filed September 21, 2009. A hearing on this and other pre-trial motions was held October 14, 2009. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

### I.   BACKGROUND

Defendant brought this motion to exclude all statements to investigators made by Ms. Christie or her ex-husband Sgt. Derek Wulf. Following the death of their three-year-old daughter, Brandi Wulf, both Ms. Christie and Sgt. Wulf were interviewed several times by investigators. During these interviews, Sgt. Wulf made statements critical of Ms. Christie's skills as a mother and her ability to care for Brandi. Additionally, Sgt. Wulf stated that Ms. Christie spent excessive time using her computer and neglected Brandi. When Ms. Christie was interviewed by Special Agent Oakes of the FBI, he confronted her with portions of her husband's interview. The Government argues that Sgt. Wulf's statements should be allowed to come in to provide context.

During the interviews, Ms. Christie admitted that she was not as concerned about

housekeeping and cleanliness as her husband, but otherwise she defended herself against the accusations and stated that she did her best to care for Brandi, including providing her with adequate food and drink. The Government, however, intends to use Ms. Christie's statements not as admissions of guilt, but rather to show her consciousness of guilt. According to the Government, Ms. Christie makes several inconsistent statements during the interviews and changes her story to fit what she feels would be a better defense. The United States argues that this shows her knowledge that Brandi was in poor health.

## II. DISCUSSION

### A. Direct Use of Statements

Ms. Christie first argues that the United States should not be able to use Sgt. Wulf's statements directly against her as this would constitute testimonial hearsay. The United States agrees that unless Sgt. Wulf testifies, such statements would clearly constitute testimonial hearsay. As of today, Sgt. Wulf has not indicated that he will testify at trial; and therefore, under *Crawford v. Washington*, 541 U.S. 36 (2004) such statements are clearly inadmissible.

### B. Indirect Use of Statements

Ms. Christie also protests any indirect use of statements by Sgt. Wulf that may be presented through interview tapes or FBI Special Agent Oakes, who performed the interviews. The Government argues that S.A. Oakes' introduction of Sgt. Wulf's accusatory statements during his interview with Ms. Christie should be admitted in order to provide the jury with the proper context for Ms. Christie's statements. Several Circuits, including the Tenth, have found that third party statements can be admitted for the limited purpose of context, provided they are not offered for the truth of the matter asserted. *See United States v. Collins*, 575 F.3d 1074 (10th Cir. 2009); *United*

2

States v. Cesareo-Ayala, 576 F.3d 1120 (10th Cir. 2009); United States v. Guiterrez-Chavez, 842 F.2d 77 (5th Cir. 1988).

In *Cesareo-Ayala*, the district court admitted several brief statements that were made during a telephone conversation with the defendant by a third-party declarant who did not testify at trial. 576 F.3d at 1124–28. The third-party declarant made statements such as, "What's going on?" *Id.* at 1128. This is hardly hearsay, as it was clearly not admitted for the truth of the matter asserted. The most damaging of the statements was, "I've got your money." *Id.* While this statement might be considered a somewhat more inculpatory assertion, it is still not hearsay. *Id.* at 1129. The statement was not being offered to prove that the declarant had defendants money.

Contrast this with *Collins*, where the Government played an entire interview in which the dialogue consisted of 70–80% inadmissible hearsay accusations by the officers performing the interview. 575 F.3d at 1071–72. The Government argued that it was necessary to play the entire interview for context, but the Tenth Circuit was skeptical, noting that merely "[i]nvoking the word 'context' does not permit an end-run around the hearsay rules such that the government may smuggle into evidence all interviewer statements." *Id.* at 1074. Nonetheless, the Court concluded that any error was harmless and affirmed the lower court's decision.

In the case at hand, S.A. Oakes statements fall somewhere between *Collins* and *Cesareo-Ayala*. Determining whether such statements are admissible requires a highly fact-dependent analysis and falls within the broad discretion of the trial judge. *United States v. Chavez*, 229 F.3d 946, 950 (10th Cir. 2000) ("Because hearsay determinations are particularly fact and case specific, our review of those decisions is especially deferential."). In this case, the Court does not see the need to admit Sgt. Wulf's statements for contextual purposes. The Government has acknowledged

3

that Ms. Christie denied most of the accusations made against her by Sgt. Wulf and admitted that its primary motivation in presenting the interviews to the jury is to show inconsistencies in Ms. Christie's statements. The United States should be able to present these alleged inconsistencies without having to introduce Sgt. Wulf's statements. Thus, Sgt. Wulf's statements are excluded, and any interviews of Defendant that the Government plans to introduce must be sanitized to ensure that Sgt. Wulf's statements are omitted.

Defendant also seeks to preclude the United States' medical experts from using Ms. Christie's or Sgt. Wulf's statements in their testimony before the jury. The Government argues that such statements should be admissible under *Wilson v. Merrell Dow Pharm. Inc.*, 893 F.2d 1149, 1153 (10th Cir. 1990) because Rule 703 allows experts to reveal the basis of their testimony during direct examination. However, expert testimony should not be merely a summary of out-of-court statements made by others. *See United States v. Lawson*, 653 F.2d 299, 302 (7th Cir. 1981).

In reaching their conclusions, experts are permitted to draw from many sources of facts or data, including third-party, out-of-court statements constituting hearsay, provided that such data is of the type relied upon by other experts in the field. *Wilson*, 893 F.2d at 1153 (citing *United States v. Affleck*, 776 F.2d 1451, 1457–58 (10th Cir. 1985)). An expert may also introduce hearsay statements to the jury to explain the sources he relied upon in forming his opinion, provided that "[t]he hearsay is admitted for the limited purpose of informing the jury of the basis of the expert's opinion and not for proving the truth of the matter asserted." *Id.*; *see also Engrbretson v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728–29 (6th Cir. 1994). It is not clear that Sgt. Wulf's statements are the type relied upon by medical experts in forming their opinions, and nowhere in the United States' Notice of Expert Witness Testimony does it state that Sgt. Wulf's statements formed the basis for

4

any of the experts' testimony. The United States' Notice of Expert Witness Testimony refers to the autopsy report and other medical reports, but not to any interviews with Sgt. Wulf. If these statements were not used by the experts in forming their opinion, then they must be offered for the truth of the matter asserted, and this presents an impermissible use of the statements.

Furthermore, Defendants, particularly in criminal cases, have the right to an effective cross-examination. *Lawson*, 653 F.2d at 302; *see also Davis v. Alaska*, 415 U.S. 308, 316 (1974). If Sgt. Wulf does not testify at trial, but his statements are introduced indirectly through the testimony of expert witnesses, Ms. Christie will have been denied her constitutional right to cross-examine witnesses against her. This is a substantial right, especially when weighed against the slight probative value the statements would have if admitted for the limited purpose of informing the jury of the basis for an expert's opinion. *See* Fed. R. Evid. 403. The Government's experts may testify that they relied on third-party statements in forming their opinions, but they must do so without introducing any specific statements by Sgt. Wulf.

## III. CONCLUSION

If Sgt. Wulf does not testify at Defendant's trial, any direct or indirect use of his statements is strictly prohibited. For now, the Court will abstain from ruling on the admissibility of Ms. Christie's statements until trial. The admissibility of her statements may depend upon what happens at trial, for example, whether she decides to testify. Consequently, the Court is reluctant to issue any blanket proclamations at this time with regard to Ms. Christie, but will instead determine the admissibility of her statements on a case-by-case basis.

**WHEREFORE,**

Having considered the submissions of counsel, relevant law, and being otherwise fully advised, **IT IS HEREBY ORDERED** that Defendants Motion in Limine to Exclude Statements is **GRANTED IN PART AND DENIED IN PART.**

*[signature]*

ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE