IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                          CR No. 07-0614 RB

REBECCA CHRISTIE,
(a/k/a REBECCA WULF),

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion in Limine to Exclude Autopsy Photographs, filed September 21, 2009. (Doc. 208.) A hearing on this and other pre-trial motions was held October 14, 2009. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

I.    **Background**

During discovery, the United States disclosed two sets of photographs that it plans to present at trial. However, the Government has now disclosed a third series of photographs which were only recently made known to the Government by a witness who stated that an FBI agent had been present at the autopsy and taken several photos. After further investigation, the Government determined that Special Agent Hanners of the Air Force Office of Special Investigations had taken several photos, and these photos were then located on the Government's network and disclosed to Defendant.

Defendant objects to the introduction of these new autopsy photographs under Federal Rules of Evidence 401–403. Defendant argues that the photos are not relevant because they are not an

accurate depiction of Brandi Wulf's body at the time of death, as her appearance would have changed over the twenty-four hours since her death. *See* Fed. R. Evid. 401–402. The photos show bruising and other discolorations that were not present at death; and therefore, more than just being irrelevant, the photos have the potential to confuse or mislead the jury as to the facts of the case. *See* Fed. R. Evid. 403. Defendant requests that the Court exclude the photographs because their gruesomeness would be unfairly prejudicial when compared to their minimal probative value. See *id.*

The United States counters that the photographs are relevant to show the state of the victim's body, including her dehydration and malnutrition, and that any prejudice can be minimized by expert testimony explaining which changes were a result of Brandi's death and not dehydration, malnutrition, or abuse by the Defendant. Additionally, the Government argues that these photos are highly probative of several material issues: for example, they corroborate and clarify the testimony of Dr. Zumwalt, the chief medical examiner; they show the Defendant's state of mind and knowledge of the victim's condition at the time of her death; and they demonstrate the condition of the victim's body at the time of her death, including her dehydration and malnutrition. The Government argues that the quality and probative value of these photos is far superior to the previously disclosed autopsy photographs that were taken by the Office of Medical Investigators; and therefore, they should be admitted into evidence.

## II.    Discussion

The admissibility of photographs is clearly within the discretion of the trial judge who must make a factual determination, "balancing the prejudicial effect and probative value of photographic evidence." *United States v. Sides*, 944 F.2d 1554, 1562 (10th Cir. 1991); *see also United States v.*

*Rice*, 52 F.3d 843, 847 (10th Cir. 1995); *United States v. Naranjo*, 710 F.2d 1465, 1468–69 (10th Cir. 1983). Gruesome crime scene photos are frequently admitted when they show "probative evidence of the victim[], the method of murder, and the crime scene." *Sides*, 944 F.2d at 1563. Such photographs are only excluded when they are unfairly prejudicial, meaning that their probative value is substantially outweighed by the prejudice that will result. *Id.* at 1563. The photographs must "provoke[] an emotional response in the jury . . . wholly apart from its judgment as to [defendant's] guilt or innocence." *United States v. Smith*, 534 F.3d 1211, 1219 (10th Cir. 2008).

The photographs that the Government wishes to introduce were taken a day after Brandi Wulf's death, after there had been discoloration and other changes to her body. They are therefore a gruesome and inaccurate representation of her body at the time of death. "But gruesomeness alone does not make photographs inadmissible." *Naranjo*, 710 F.2d at 1468. Photographs have to be "flagrantly or deliberately gruesome depictions" of the victim with little probative value in order for them to be inadmissible. *Id.* at 1469. In this case, the photographs may be of value to Dr. Zumwalt, for example, to corroborate and clarify his testimony concerning the autopsy. *See id.* at 1468 (admitting photos to assist in autopsy testimony). Thus, the photographs have some probative value.

Finally, there is the issue of the late disclosure of these photographs. While Federal Rule of Criminal Procedure 16 clearly allows a trial judge to exclude evidence for failure to comply with the discovery rules, the Court finds that Rule 16 has not been violated. Rule 16(c) establishes a continuing duty of disclosure, contemplating the situation where new evidence is discovered after the disclosure deadline. This is clearly the case at hand, and therefore, exclusion of the evidence is not warranted.

3

## III. Conclusion

The Court will review and admit or exclude the photographs on an individual basis at trial, limiting the introduction of those photos that are unduly prejudicial, cumulative, or having limited probative value. *See* Fed. R. Evid. 403; *see also Naranjo*, 710 F.2d at 1469. The United States has already agreed to the exclusion of several photos. Furthermore, when the autopsy photos are introduced, the United States has agreed that their experts will explain the bruising, discoloration, and other changes were the result of death and the body's deterioration and not any abuse by the Defendant. The gruesome appearance of the body is also a completely appropriate subject matter for cross-examination by the Defense. Having taken these precautions, the Court finds that the photos' relevance is not substantially outweighed by the potential for prejudice and that a limited number of autopsy photos may be admitted at trial.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine Related to Expert Witness Disclosures is **GRANTED IN PART AND DENIED IN PART.**

ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE