IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.  CR No. 07-0614 RB

REBECCA CHRISTIE,
(a/k/a REBECCA WULF),

Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion in Limine Regarding Online Conversations and to Compel Pre-Trial Production, filed September 21, 2009. (Doc. 206.) A hearing on this and other pre-trial motions was held October 14, 2009. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

I.  **Background**

The United States intends to introduce statements made by Defendant Christie in online computer chats and e-mails. These statements were discovered by the Government during searches performed on Defendant's computer for evidence relating to the charged crimes. Defendant makes two requests with regard to the online chats: (1) if the Government offers into evidence any part of the online conversations, it must offer the entirety of the conversation including the dates of the conversations and the names of the participants, and (2) the Government must disclose in advance of trial the substance of any online chats or e-mails that it intends to introduce at trial.

## II. Discussion

The United States does not object to Defendant's first request that if it offers any part of an online conversation into evidence, the entirety of the chat must be introduced. Additionally, the United States is willing to establish the dates and identify the monikers of the participants in the online chats, and if possible, establish the actual identities of the participants.

Under Federal Rule of Evidence 106, the opposing party clearly has the right to request that "any other part or any other writing or recorded statement which ought in fairness be considered contemporaneously with it" be introduced. Fed. R. Evid. 106. This rule was established to prevent an opposing party from introducing potentially misleading statements out of context. *See Echo Acceptance Corp. v. Household Retail Services, Inc.*, 267 F.3d 1068, 1088–89 (10th Cir. 2001). It is not clear, however, whether this rule was intended to override restrictions on hearsay statements found in other evidentiary rules. *Id.* at 1090. Provided Rule 106 is used correctly, as a shield against unfair inferences from statements taken out of context, the Court has no objection to the parties introducing the entirety of the online chats. The Court does however reserve the right to exclude statements that may present a hearsay problem.

As for Defendant's second request—that the Government disclose in advance of trial any online chats or e-mails that it intends to introduce at trial—the United States objects. Defendants are understandably awash in the many pages of discovery provided by the Government; however, this is part of the trial process. Nowhere in the Federal Rules of Criminal Procedure is the Government required to specifically identify which documents it plans to use at trial.

> Upon a defendant's request the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within

>   the government's possession, custody, or control and:
>   (i)   the item is material to preparing the defense;
>   (ii)  the government intends to use the item in its case-in-chief at trial; or
>   (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. Pro. 16(a)(1)(E).

Rule 16(a)(1)(E) requires the Government to give Defendant access to the documents it intends to use in its case-in-chief, but it does not require the Government to identify which documents among the many will be used at trial. "While it might be wise for the Advisory Committee on Criminal Rules to consider an amendment that would require a party to identify those documents it intends to use in its case-in-chief, no such requirement now exists in the plain language of the Rule." *United States v. Nachamie*, 91 F. Supp. 2d 565, 570 (S.D.N.Y. 2000). Thus, Defendant will have to do her best to sift through the documents or wait for the Government's exhibit book.

Requiring the Government to disclose its trial documents at this point of the litigation might also be difficult, if not impossible, to enforce. The Government has still not made its final decisions on what documents it plans to introduce at trial; and therefore, any such list would need to be continually updated as the attorneys refine their trial strategy.

### III.   Conclusion

If the United States offers any part of an online conversation into evidence, the entirety of the chat may be introduced to prevent any adverse inferences. The Court does however reserve the right to exclude statements that may present a hearsay problem.

The United States is not required to specifically identify which documents it intends to introduce at trial to comply with its Rule 16 discovery obligations.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine Regarding Online Conversations and to Compel Pre-Trial Production is **GRANTED IN PART AND DENIED IN PART**.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**