IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                               CR No. 07-0614 RB

REBECCA CHRISTIE,
(a/k/a REBECCA WULF),

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Rebecca Christie's Objection to Amendment of the Second Superseding Indictment, filed November 10, 2009. (Doc. 304.) Having considered the submissions of counsel, relevant law, and being otherwise fully advised, Defendant's Objection is **OVERRULED**.

### I. Background

The Second Superseding Indictment charges Defendant with causing **and** permitting Brandi Wulf: (1) to be placed in a situation that may endanger her life **and** health; **and** (2) to be tortured, cruelly confined, **and** cruelly punished. (Doc. 181.) Subsection D of N.M.Stat.Ann. § 30-6-1, however, provides that "[a]buse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing **or** permitting a child to be: (1) placed in a situation that may endanger the child's life **or** health; [**or**] (2) tortured, cruelly confined **or** cruelly punished." (emphasis added).

Notably, N.M.Stat.Ann. § 30-6-1 is disjunctive, while the indictment is conjunctive. The Court's Jury Instructions follow the statute and the New Mexico Uniform Jury Instructions and are

disjunctive, stating that for the jury to find the defendant guilty, the Government "must prove beyond a reasonably doubt that Defendant caused **or** permitted Brandi Wulf to be: (a) placed in a situation which endangered her life **or** health; **or** (b) tortured, cruelly confined, **or** cruelly punished." (Doc. 312) (emphasis added).

Defendant objected to the Court giving these instructions, arguing that this would result in a constructive amendment of the indictment and "Ms. Christie having been tried on materially different charges than what is in the Indictment." (Doc. 304.)

## II.     Discussion

Generally, a trial court's instructions to the jury must conform to the indictment, and any variations between the indictment and the jury instructions destroys "the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury." *Stirone v. United States*, 361 U.S. 212, 217 (1960); *see also United States v. Bishop*, 469 F.3d 896, 902–03 (10th Cir. 2006), *abrogated in part on other grounds by Gall v. United States*, 552 U.S. 38 (2007); *United States v. Apodaca*, 843 F.2d 421, 428 (10th Cir. 1988) ("The Fifth Amendment provides that a person can only be tried on charges for which a grand jury has indicted him."). However, there are a limited number of recognized exceptions to this general rule. For example, "[i]t is permissible for an indictment to use the word *and* although the statute employs the word *or*," *United States v. Powell*, 226 F.3d 1181, 1192, n. 4 (10th Cir. 2000) (citing *United States v. Daily*, 921 F.2d 994, 1001 (10th Cir. 1990)), and "it is entirely proper for the district court to instruct the jury in the disjunctive, though the indictment is worded in the conjunctive." *United States v. Earls*, 42 F.3d 1321, 1327 (10th Cir. 1994). This exception "assures that defendants are not convicted on information not considered by the grand jury." *Id.* (internal quotations omitted). Therefore, the Court did not

2

impermissibly broaden the indictment by instructing the jury in the disjunctive when the indictment uses the conjunctive.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Objection to Amendment of the Second Superseding Indictment is **OVERRULED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**