**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CR No. 07-0614 RB |
| | ) | |
| REBECCA CHRISTIE, | ) | |
| (a/k/a REBECCA WULF), | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion to Strike Defendant's Supplemental Briefs. (Doc. 376.)  Defendant filed two supplemental briefs, one to supplement Defendant's Motion for Judgment of Acquittal or, in the Alternative, for New Trial (Doc. 372), and a second to supplement Defendant's Brief Regarding Mandatory Minimum Sentences. (Doc. 375.) The government argues that because these briefs were filed late and without leave of the Court, and because Defendant is unable to show good cause for additional briefing, these supplemental briefs should be stricken.

Under the United States District Court for the District of New Mexico Local Rule of Criminal Procedure 47.8(b), "[t]he filing of a surreply requires leave of the Court." Local Rule 47.8 sets out the timing and restrictions for parties filing response and reply briefs with the Court. Subsection (b) does not make any distinction with regard to whether a supplemental brief is filed by the movant or the respondent.  While a surreply is most commonly used to refer to a response to a reply that is filed by the respondent, in the context of Local Rule 47.8, it appears that it was intended to refer more generally to any post-submission supplemental brief filed by either party concerning a motion that has already been fully briefed.  As Defendant failed to seek leave of the

Court, her supplemental brief would appear to violate the Local Rules.

Notwithstanding, Defendant is correct that attorneys have a general duty to keep current on developments of the law and bring any new, controlling legal authority that could impact the Court's decision in a pending matter to the attention of the Court. *See* FED. R. APP. PRO. 28(j); CREED OF PROFESSIONALISM OF THE STATE BAR OF NEW MEXICO, *available at* http://www.nmbar.org; ABA MODEL RULES OF PROFESSIONAL CONDUCT, Rule 3.3, Candor Toward the Tribunal, *available at* http://www.abanet.org.  This duty to apprise the Court of developments in the law, however, does not confer upon Defendant the right to present arguments that could have been discussed in her initial filing or provide the Court with additional briefing on issues already raised. *See* FED. R. APP. PRO. 28(j); *Chan v. Orthologic Corp.*, No. Civ 96-1514 PHX RCV, 1998 WL 1018624 (D. Ariz. 1998) ("While the parties are clearly entitled to, and possibly required to, submit new authorities in support of their position, the Plaintiffs' accompanying analysis is unnecessary.").

In conclusion, while the briefs were filed without leave of the Court, the Court will consider them as far as they present new authority on issues affecting the resolution of the pending motions. However, before filing any supplemental briefs in the future, the parties should make the Court aware of the new authority and seek leave of the Court pursuant to Local Rule 47.8.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Defendant's Supplemental Briefs (Doc. 376) is **DENIED**.

_____
**ROBERT BRACK**
**UNITED STATES DISTRICT JUDGE**