IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CR No. 07-0614 RB |
| | ) | |
| REBECCA CHRISTIE, | ) | |
| (a/k/a REBECCA WULF), | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

In a memorandum opinion and order filed November 3, 2010, the Court determined that the imposition of multiple punishments for Counts I, III, and V of the Second Superseding Indictment would violate the Double Jeopardy Clause of the United States Constitution; accordingly, the Court concluded it was necessary to vacate two of the three homicide convictions. (Doc. 379 at 49.) When vacating multiplicitous convictions, a court must vacate the lesser offenses. *Ball v. United States*, 470 U.S. 856, 864–65 (1985).  In its memorandum opinion and order, the Court considered several possible criterion for determining which of the three homicide crimes should be considered the lesser offenses, ultimately requesting supplemental briefing on the issue from both parties. (Doc. 379 at 50–52.)  In their supplemental briefs, the parties agreed that, of the three homicide charges, the Court should vacate Counts III and V, the state assimilated charges of intentional and negligent child abuse resulting in death. (Docs. 381 & 382.)  Consequently, the Court will vacate Counts III and V and sentence Ms. Christie on Counts I and II of the Second Superseding Indictment.

**WHEREFORE**,

      The Court hereby **VACATES** Defendant's convictions on Counts III and V of the Second Superseding Indictment.

_____
**ROBERT BRACK**
**UNITED STATES DISTRICT JUDGE**