# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              No. CR 07cr0614 RB

REBECCA CHRISTIE
(A/K/A REBECCA WULF),

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant[']s Motion for Leave of the Court to Compel Counsel to Tender Defendant[']s Case File, filed on November 13, 2018. (Doc. 434.) Having reviewed the arguments and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

Ms. Rebecca Christie was found guilty of second degree murder and several counts of child abuse after a jury trial in 2009. (*See* Doc. 299.) In May 2011, the Court sentenced her to 300 months in prison. (*See* Docs. 406; 410.) Following Ms. Christie's appeal, the Tenth Circuit affirmed the conviction in June 2013. (*See* Docs. 405; 433.)

Ms. Christie now asks the Court to compel the Federal Public Defender's office to produce portions of her criminal case file so that she may use it to prepare a post-conviction motion for relief. (*See* Doc. 434.) Ms. Barbara Mandel, who was appointed to represent Ms. Christie in the original criminal proceedings, objects to the motion on several grounds. First, Ms. Mandel contends that "[t]he grounds for seeking the discovery are not clear[,]" as Ms. Christie has not specified either "[t]he nature [or] the basis of the post-conviction remedy . . . ." (Doc. 436 at 2–3.) Second, Ms. Mandel notes that a motion for relief under 28 U.S.C. § 2255 would be untimely, as

the one-year period of limitations has run. (*Id.* at 3 (citing 28 U.S.C. § 2255(f)).)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The litigant must follow Rule 6 of the Rules Governing § 2255 Proceedings, which provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure . . . ." Rule 6(a), 28 U.S.C. foll. § 2255. "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b), 28 U.S.C. foll. § 2255.

Ms. Christie has not filed a motion for post-conviction relief, timely or otherwise. Nor has she provided good cause for her discovery request. Her broad request for all non-PACER documents in her case file, which "is comprised of 10 bankers boxes of documents" (*see* Doc. 436 at 7), is not tied to any pending litigation. Thus, her request for discovery is denied without prejudice. If Ms. Christie files a timely motion for post-conviction relief, she may refile her request for discovery pursuant to the appropriate rules. *See United States v. Nunez-Reynoso*, Crim. No. 10-59 (MJD/JJK), 2013 WL 6062146, at *1 (D. Minn. Nov. 18, 2013) (denying motion for discovery where no motion for post-conviction relief had been filed); *Rittweger v. United States*, No. 08 Civ. 7130 (JGK), 2008 WL 5203653, at *1 (S.D.N.Y. Dec. 11, 2008) (same).

**THEREFORE,**

**IT IS ORDERED** that Defendant[']s Motion for Leave of the Court to Compel Counsel to Tender Defendant[']s Case File (Doc. 434) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE